1  **WO**

2

3

4

5                  IN THE UNITED STATES DISTRICT COURT

6                      FOR THE DISTRICT OF ARIZONA

7

8  KATHLEEN C. CAMPBELL et al.,        )    No. CV-05-0880-PHX-SMM
                                       )
9            Plaintiffs,               )    **MEMORANDUM OF DECISION AND**
                                       )    **ORDER**
10     v.                              )
                                       )
11  JUDY FERNANDO-SHOLES et al.,       )
                                       )
12           Defendants.               )
   _____ )

13

14

15        Pending before the Court is a Motion to Dismiss and Request for Attorney's Fees and

16  Costs filed by Defendants [Doc. No. 13].  After considering the arguments raised in the parties'

17  briefs, the Court issues the following Memorandum of Decision and Order.

                              **BACKGROUND**
18
        Defendants originally brought an action in the underlying dispute against Kathleen C.
19
   Campbell ("Plaintiff") in Arizona State Court for fraudulently raising the price of property
20
   purchased by Defendants at a bankruptcy-court auction.  That case was then removed to the
21
   United District Court for the District of Arizona, Phoenix Division in December 2002.  On
22
   March 26, 2003, Judge Murguia granted Kathleen Campbell's and Capitol Equity's[1] Motion to
23
   Dismiss, or in the Alternative Motion for Summary Judgment [Doc. No. 20 in CV 02-0686].
24
        On January 9, 2004, Plaintiffs brought a malicious prosecution action against Defendants
25
   in Sacramento, California, County Superior Court ("Superior Court").  The Superior Court
26
   granted Defendants' motion to quash summons for lack of California personal jurisdiction on
27

28        [1] These parties are the current Plaintiffs but were Defendants in the prior action.

1  March 24, 2004.  On March 23, 2005, Plaintiffs then filed a Complaint [Doc. No. 1] in this

2  Court, in which she alleges that the statute of limitations on the malicious prosecution action

3  should be equitably tolled because the California action remains pending.  On August 29, 2005,

4  Defendants filed a Motion to Dismiss and Request for Attorney's Fees and Costs [Doc. No. 13].

5  **STANDARD OF REVIEW**

6  A motion to dismiss based on a statute of limitations defense is properly brought

7  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Irwin v. Dep't of Veterans

8  Affairs, 498 U.S. 89, 96 (1990); Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir. 1993).

9  A motion to dismiss based on the running of the applicable limitations period, however,

10  may be granted only "if the assertions of the complaint, read with the required liberality, would

11  not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614

12  F.2d 677, 682 (9th Cir. 1980).  "On a motion to dismiss . . . the court must construe the

13  complaint in the light most favorable to the plaintiff, taking all her allegations as true and

14  drawing all reasonable inferences from the complaint in her favor." Doe v. US, 419 F.3d 1058,

15  1061 (9th Cir. 2005).  Furthermore, a court should not dismiss a complaint unless it is beyond

16  doubt that the plaintiff can prove no set of facts that would demonstrate the timeliness of the

17  claim. Jablon v. Dean Witter & Co., 614 F.2d at 682 (citing Conley v. Gibson, 355 U.S. 41, 78

18  (1957)).

19  **DISCUSSION**

20  **I.  Timely Service**

21  Defendants contend that Plaintiffs failed to serve Defendants within 120 days of the

22  filing of the Complaint.  Specifically, Defendants contend that because the Complaint was

23  filed on March 27, 2005, Plaintiffs' attempt to serve the Complaint upon the Corporation

24  Commission on August 4, 2005 was untimely.

25  Defendants, however, fail to recognize that on July 22, 2005, this Court issued an

26  order granting Plaintiffs until September 19, 2005 to serve Defendants. [Doc. No. 12].

27  Thus, the Court finds that Plaintiffs have complied with the Court's Order as to Defendant

28  Wild Horse Ranch LLC.

1    Defendants also state that Plaintiffs have failed to timely serve the remaining

2  Defendants.  Federal Rule of Civil Procedure 4(m) states that, "[i]f service of the summons

3  and complaint is not made upon a defendant within 120 days after the filing of the

4  complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall

5  dismiss the action without prejudice as to that defendant . . .."  Fed. R. Civ. P. 4(m).

6    On September 22, 2005, the Court issued an Order [Doc. No. 19] extending the time

7  for Plaintiffs to serve Defendants Judy Fernando-Sholes, Bruce A. Sholes, and John C.

8  Kubasch until November 18, 2005.  As of March, 1, 2006, however, Plaintiffs have failed to

9  serve these Defendants and have failed to address or provide justification for this failure in

10  their response to Defendants' motion or subsequent filing with the Court.  Accordingly, the

11  Court finds the Plaintiffs have failed to timely serve these Defendants.  Thus,  the action

12  against Defendants Judy Fernando-Sholes, Bruce A. Sholes and John C. Kubasch is

13  dismissed without prejudice.

14  **II.  Statute of Limitations**

15    Defendants assert that this case should also be dismissed because the statute of

16  limitations has run.

17    The Ninth Circuit has stated that since the Court cannot consider materials outside

18  the pleadings for Rule 12(b)(6) purposes, and since the applicability of the equitable tolling

19  doctrine often involves factual inquiries, whether a claim is time-barred is "not generally

20  amenable to resolution on a Rule 12(b)(6) motion."  Cervantes v. City of San Diego, 5 F.3d

21  1273, 1276 (9th Cir. 1993).  While the court in Cervantes was addressing the application of

22  a California equitable tolling statute, Arizona also has a saving statute.[2]  Additionally, this

23  Court notes that the Arizona Court of Appeals has held that this savings statute applies

24

25

26    [2] Section § 12-504(A) provides:  If an action is commenced within the time limited for the action, and
the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of
27  prosecution or a final judgment on the merits, the plaintiff . . . may commence a new action for the same cause
after the expiration of the time so limited and within six months after such termination.  Ariz. Rev. Stat. Ann.
28  § 12-504(A) (2006).

1    equally to cases where the prior suit was brought in another state and dismissed for lack of

2    personal jurisdiction. Templer v. Zale, 803 P.2d 111, 112 (Ariz. Ct. App. 1990).[3]

3         In their Complaint, Plaintiffs allege that the malicious prosecution action filed in

4    California remains pending (Pls.' Compl. at 3, ¶ 26).  The court must assume this allegation

5    is true. See Doe, 419 F.3d at 1061 ("On a motion to dismiss . . . the court must construe the

6    complaint in the light most favorable to the plaintiff, taking all her allegations as true and

7    drawing all reasonable inferences from the complaint in her favor.")  Thus, the Court finds

8    that the Complaint contains allegations that, when read in the light most favorable to

9    Plaintiffs, raise an issue of fact and preclude the granting Defendants' Motion to Dismiss.

10   **III.  Proper Parties**

11        Defendants also claim that Plaintiffs are not proper parties to this lawsuit.

12   Significantly, Defendants cite no legal authority in support of this position and even fail to

13   indicate whether this a motion brought under Rule 12(b)(6).  In In Re Morrissey, 349 F.3d

14   1187 (9th Cir. 2003), the Ninth Circuit clearly recognized that it is not the duty of the court

15   to develop a parties arguments for them or to find legal authority to support such arguments.

16   Id. at 1189.  Despite Defendants' failure to cite to any legal authority, the Court, in the

17   interest of thoroughness, will attempt to decipher and address Defendants' assertions.

18        The Court reads Defendants' motion to contend that Plaintiff Kathleen Campbell

19   cannot bring this action on behalf of a corporation.   The Arizona Supreme Court, however,

20   has found that, "the president of a corporation, acting alone, may institute suit on behalf of

21   the corporation." Gemstar Ltd. v. Earnst & Young, 917 P.2d 222, 230 (Ariz. 1996).  The

22   Court also finds that Plaintiffs' Complaint contains allegations that (a) she is currently the

23   president and sole owner of Capitol Enquiry Inc., and that (b) Defendant harassed the

24   corporation unnecessarily during the prior action filed in the District Court for the District of

25   Arizona.  (Pls.' Compl. ¶6, ¶¶33-45).

26

27        [3]  The substantive law of the forum state applies to actions brought in federal district court under
     diversity jurisdiction. Stanford Ranch, Inc. v. Md. Cas. Co., 89 F.3d 618, 624 (9th Cir. 1996) (quoting St. Paul
28   Fire and Marine Ins. Co. v. Weiner, 606 F.2d 864, 867 (9th Cir. 1979)) (citations omitted).

1    Accordingly, the Court finds that Defendants' assertion that Plaintiffs are not proper
2 parties fails at this stage, especially in light of Defendants' failure to cite any legal authority
3 in support of this position.

4 **IV.  Attorney's Fees**

5    The Court having denied Defendant's motion to dismiss also finds that Defendant's
6 Motion for Attorney's Fees and Costs is premature.  Accordingly, Defendants' motion for
7 Attorney's Fees and Costs is denied.

8
                                    **CONCLUSION**
9    Accordingly,

10

11    **IT IS HEREBY ORDERED** that this action is dismissed without prejudice as to
12 Defendants Judy Fernando-Sholes, Bruce A. Sholes, and John C. Kubasch.

13    **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for expiration of the
14 statute of limitations as to Defendant Wild Horse Ranch LLC, is hereby **DENIED**.

15    **IT IS FURTHER ORDERED** that Defendant's Motion for Attorney's Fees and Costs
16 is hereby **DENIED**.

17

18    DATED this 14th day of March, 2006.

19

20
                                    Stephen M. McNamee
21                                  Chief United States District Judge

22

23

24

25

26

27

28