**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

KATHLEEN C. CAMPBELL et al., Plaintiffs,

v.

JUDY FERNANDO-SHOLES et al., Defendants.

No. CV-05-0880-PHX-SMM

**ORDER**

Pending before the Court is Plaintiffs' Motion for Relief from March 14, 2006 Order Dismissing Three Defendants and Renewed Motion for Order Authorizing Service of Process by Mail or Publication ("Rule 60 Motion"). (Dkt. 22.) After considering the parties' briefs, the Court issues this Order.

**BACKGROUND**

On March 23, 2005, Plaintiffs filed a Complaint for malicious prosecution against Defendants. (Dkt. 1.) On April 22, 2005, this Court issued its Standard Civil Track Initial Order, which specifically ordered Plaintiffs to effect service of the complaint and summons upon all defendants no later than 120 days after the filing of the complaint. (Dkt. 3 at 1.) The Standard Order also warned that the action would be dismissed without further notice to Plaintiffs with respect to any defendant not served within the 120 day period pursuant to Federal Rule of Civil Procedure 4. (Id.)

On July 18, 2005, Plaintiffs filed a Motion for Extension of Time (60 days) to serve Defendants, which this Court granted on July 26, 2005. (Dkts. 7, 12.) The Court permitted

Plaintiffs to serve Defendants no later than September 19, 2005. (Dkt. 12.)

On August 4, and August 26, 2005, Plaintiffs' process server accomplished service on Defendants Oasis At Wild Horse Ranch, L.L.C. ("Oasis") and the Law Office of Bruce A. Sholes, P.L.L.C., ("Sholes Law Office") respectively, by serving the Arizona Corporation Commission. (Dkts. 15-16.)

On August 29, 2005, Oasis filed a Motion to Dismiss on several grounds, including that the summons served on August 4, 2005 was invalid because it was served more than 120 days after the filing of the Complaint. (Dkt. 13 at 6-7.) Oasis further argued that the summonses issued against the other defendants had expired because none of them were timely served. (Id.)

On September 19, 2005, Plaintiffs filed proof of service on Oasis and Sholes Law Office, as well as a Motion for Order Authorizing Alternative Means of Service of Process on the Remaining Defendants **or** Extension of Time to Serve the Remaining Defendants (the "Motion for Alternative Service or Extension of Time"). (Dkts. 15-17.)

On September 20, 2005, Plaintiffs filed a Response to Oasis' Motion to Dismiss, arguing that the summons served on Oasis was not invalid because the Court had granted an extension of time for service to September 19, 2005. (Dkt. 18 at 7-8.) In a footnote, Plaintiffs noted that Oasis and Sholes Law Office were not easy to serve because they had filed "false addresses with the Secretary of State" or failed to keep their addresses current. (Id. at 8 n.6.)

On September 22, 2005, this Court denied Plaintiffs' Motion for Alternative Service, but granted Plaintiffs' alternative request for an Extension of Time to serve the remaining Defendants. (Dkt. 19.) The Court permitted Plaintiffs up to and including November 18, 2005 (an additional 60 days) to serve defendants Bruce Sholes ("Sholes"), Judy Fernando-Sholes ("Fernando-Sholes"), and John C. Kubasch ("Kubasch"). (Id.)

Between September 22, 2005 and March 14, 2006, no further action occurred in this case. Plaintiffs did not file proof of service on Sholes, Fernando-Sholes, or Kubasch, nor did they seek an extension of time to accomplish service or a renewed request for alternative means of service. On March 14, 2006, the Court ruled on Oasis' Motion to Dismiss, and issued an

order dismissing Fernando-Sholes, Sholes, and Kubasch because they had not been served by November 18, 2005 (the "March 14 Order"). (Dkt. 20 at 3.)

Nearly one month later, on April 11, 2006, Plaintiffs filed the instant Motion for Relief from the Court's March 14 Order under Federal Rule of Civil Procedure 60(b). (Dkt. 22.)

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b)(1)-(b)(6).

**DISCUSSION**

Although Plaintiffs do not specify the basis upon which they are relying in support of their Rule 60 Motion, they imply that relief from the March 14 Order should be granted for two reasons: (i) the Court's refusal to grant Plaintiffs' earlier request to provide service by first-class mail (i.e., Plaintiffs' Motion for Alternative Service); and (ii) Defendants engaged in misconduct by actively concealing their correct and current addresses in order to evade service of process. (Dkt. 22 at 1-2.) As shown below, neither of Plaintiffs' reasons are persuasive.

**A. The Court's Order Denying Plaintiffs' Motion for Alternative Service**

The Court rejects Plaintiffs' argument that the order denying their Motion for Alternative Service justifies relief from the March 14 Order.

Plaintiffs' Motion for Alternative Service or an Extension of Time (dkt. 17) requested two types of relief in the alternative: (i) permission to serve the remaining Defendants by alternative means or (ii) an extension of time to serve the remaining Defendants. See Dkt.

17 at 1-2. Plaintiffs' Motion specifically stated, "[i]f the Court does not grant Plaintiffs leave to use an alternate means of service of process, Plaintiffs need an additional 60-day period of time to attempt service of process on" Sholes, Fernando-Sholes, and Kubasch. (Dkt. 17 at 4.) The Motion did not state that Plaintiffs would be placed in "an untenable position by the court's refusal to grant" their request to serve the remaining Defendants by alternative means (Dkt. 22 at 1-2), nor did Plaintiffs indicate that without an alternative means of service of process they were "incapable of serving the remaining defendants." (Id. at 4.) Now, nearly seven months later, and notwithstanding their specific request for a 60-day extension as alternative relief, Plaintiffs urge the Court to find that they "were incapable of complying with [its] order to personally serve the remaining defendants by November 18, 2005." (Id. at 4.) The Court finds this argument to be disingenuous, and refuses to make such a finding now based on nothing more than Plaintiffs' after-the-fact realization that service was not timely accomplished.

More importantly, nothing prevented Plaintiffs from requesting reconsideration of the Court's order denying their Motion for Alternative Service or an Extension of Time, from filing a new request for permission to use alternative means of service before the November 18, 2005 date expired, or from filing a new request for permission to use alternative means of service and an extension of time to serve the remaining Defendants. Throughout this proceeding, the Court has generously provided Plaintiffs two sixty-day extensions of time to serve Defendants. Neither order stated or otherwise indicated that no further extensions of time would be granted, and Plaintiffs cannot shift the blame for their failure to request extensions to the Court. See Dkts. 12, 19.

**B. Defendants' Alleged Evasion of Service**

Rule 60(b)(3) provides that "[o]n motion . . . the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). To prevail, the moving party must prove by clear and convincing evidence that one of these bases for relief occurred and that

the misconduct prevented the movant from fully and fairly presenting his case. De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000).

In the present case, Plaintiffs imply that they are entitled to relief from the March 14 Order because Defendants "engaged in misconduct . . . by actively concealing their correct and current addresses in order to evade service of process." (Dkt. 22 at 2.) The Court rejects this argument because Plaintiffs have failed to demonstrate by clear and convincing evidence that Defendants Sholes, Fernando-Sholes, and Kubasch "actively conceal[ed] their correct and current addresses in order to evade service of process." (Id.)

Plaintiffs contend Defendant Sholes and Fernando-Sholes have attempted to evade service because, as official representatives of Oasis, they have failed to list their correct address with the Arizona Secretary of State. (Dkt. 22 at 5-9.) Plaintiffs assert that Defendant Kubasch is evading service because the Arizona Secretary of State does not have any record of his law office, which is represented to be a professional limited liability corporation. (Id. at 7.) Finally, Plaintiffs contend both Sholes and Kubasch failed to provide the State Bar of Arizona with the physical address of their respective law offices in order to evade service of process. (Id. at 6-8.)

In response, Sholes and Fernando-Sholes attest that no one has attempted to serve them at (i) the business address of Oasis; (ii) the post office box located in Cortaro, Arizona, or the physical address shown on Sholes' previous correspondence with Plaintiffs' counsel; (iii) their home address, which is contained in the Tucson directory. (Dkts. 26 at 3-4; 28, 32.) In addition, both parties attest that, since the filing of this case, they have been physically present at the known physical address of Oasis, the known physical address of Sholes Law Office, and their residence. (Dkts. 28, 32.)

The Court finds that, besides the addresses on file with the Arizona Secretary of State, there are many other ways Plaintiffs could have located and served Sholes and Fernando-Sholes. Plaintiffs' reply fails to provide sufficient proof that process servers have ever attempted to serve Sholes or Fernando-Sholes at the business address of Oasis, the post office box in Cortaro, Sholes Law Office, or the Sholes-Fernando residence in Tucson.

Similarly, Plaintiffs have presented no evidence that Sholes or Fernando-Sholes intentionally concealed their correct address with the Arizona Secretary of State and the State Bar of Arizona in order to evade service. See Dkts. 35-36. Indeed, the State Bar of Arizona does not require Arizona attorneys to provide the physical location of their offices. Thus, Plaintiffs have failed to provide clear and convincing evidence that Sholes and Fernando-Sholes have attempted to evade service in the present case.

Similarly, Plaintiffs have failed to present clear and convincing evidence that Kubasch has concealed his correct address in order to evade service. Even if the Arizona Secretary of State does not have a listing for his law office, Plaintiffs have failed to show that Kubasch intentionally omitted registration in order to evade service. Moreover, Arizona attorneys are not required to provide the physical address of their offices to the Arizona State Bar. Plaintiffs have failed to provide clear and convincing evidence that Kubasch has attempted to evade service in the present case.

**C. No Other Reason**

Under subsection (6) of Rule 60(b), the court may order relief for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). Under Rule 60(b)(6), the moving party must make a very special showing of exceptional or extraordinary circumstances. See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice, and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. Id.

For several reasons, Plaintiffs have failed to show that exceptional or extraordinary circumstances, such as injury and circumstances beyond their control, prevented them from taking timely action to prevent the March 14 Order from being issued. See United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005) (a party seeking to reopen a case under Rule 60(b)(6) "'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion'") (citation omitted).

First, as previously discussed, supra at 5-6, Plaintiffs have not provided clear and convincing evidence that Defendants Sholes, Fernando-Sholes, and Kubasch have intentionally concealed their correct addresses in order to evade service of process. See Dkts. 18, 22, 35, 36.

Second, there is no extraordinary cause to relieve Plaintiffs from the March 14 Order because, between November 18, 2005 and March 14, 2006, Plaintiffs failed to request an extension of time to serve Defendants or request that alternative means be used to serve them. See Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir. 1997) (holding that neither ignorance nor carelessness on the part of the litigant or his attorney provides grounds for relief under Rule 60(b)(1) or 60(b)(6)). Plaintiffs have failed to show there were extraordinary circumstances that prevented them from requesting an extension of time to serve Defendants or renewing their motion for alternative means of service. As discussed above, on September 22, 2005 this Court provided Plaintiffs with a second extension of 60 days to serve the remaining Defendants. Plaintiffs, however, allowed the new service deadline of November 18, 2005 to pass without effectuating service or filing a motion for an additional extension of time or to permit an alternative means of service. In fact, when the Court issued the March 14 Order nearly four months after the November 18, 2005 deadline had elapsed, Plaintiffs still had not filed a motion for extension of time or a request to permit an alternative means of service.

For all of these reasons, Plaintiffs have failed to demonstrate that they should be relieved from the Court's March 14 Order under Rule 60(b).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Relief From the March 14, 2006 Order Dismissing Three Defendants is **DENIED**. (Dkt. 22.)

**IT IS FURTHER ORDERED** that Plaintiffs' Renewed Motion for Order Authorizing Service of Process By Publication is **DENIED AS MOOT**. (Dkt. 22.)

DATED this 25th day of May, 2006.

Stephen M. McNamee
United States District Judge