**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATHLEEN C. CAMPBELL et al., ) | No. CV-05-0880-PHX-SMM |
| Plaintiffs, ) | **ORDER** |
| v. ) | |
| JUDY FERNANDO-SHOLES et al., ) | |
| Defendants. ) | |

Pending before the Court is Defendants' Motion to Dismiss Defendant Bruce A. Sholes, Motion to Dismiss the Law Office of Bruce A. Sholes, Motion to Dismiss Oasis at Wild Horse Ranch, L.L.C. ("Oasis"), Motion to Quash Summons Served on Law Office of Bruce A. Sholes, P.L.L.C., and Motion for Sanctions (collectively, the "Motion"). (Dkt. 40.) After considering the parties' briefs, the Court issues this Order.

## BACKGROUND

Defendants in the instant case originally filed an Arizona state court lawsuit against, among others, Plaintiff Kathleen C. Campbell ("Campbell"), for fraudulently increasing the price of real property purchased by Defendants at a bankruptcy auction. In December 2002, Campbell removed the state court case to this Court. See Oasis at Wild Horse Ranch, LLC, et al. v. Glenn Heideman, et al., CV-02-686-PHX-MHM. On March 26, 2003, the Honorable Mary H. Murguia granted Campbell's Motion to Dismiss or, in the alternative, Motion for Summary Judgment against the instant Defendants. See id., dkt. 55.

On January 9, 2004, Plaintiffs in the instant case filed a malicious prosecution case against

1  Defendants in the California Superior Court for the County of Sacramento (the "Superior
2  Court"). On March 24, 2004, the Superior Court granted Defendants' Motion to Quash
3  Summons for Lack of Personal Jurisdiction.
4      On March 23, 2005, Plaintiffs filed a Complaint for malicious prosecution against
5  Defendants in this Court. (Dkt. 1.)  On April 22, 2005, this Court issued its Standard Civil
6  Track Initial Order, which specifically ordered Plaintiffs to effect service of the complaint and
7  summons upon all defendants no later than 120 days after the filing of the complaint. (Dkt. 3
8  at 1.) The Standard Order also warned that the action would be dismissed without further notice
9  to Plaintiffs with respect to any defendant not served within the 120 day period pursuant to
10 Federal Rule of Civil Procedure 4. (Id.)
11     On July 18, 2005, Plaintiffs filed a Motion for Extension of Time (60 days) to serve
12 Defendants, which this Court granted on July 26, 2005. (Dkts. 7, 12.) The Court ordered
13 Plaintiffs to serve Defendants no later than September 19, 2005. (Dkt. 12.)
14     On August 4, and August 26, 2005, Plaintiffs accomplished service on Oasis and "Law
15 Office of Bruce A. Sholes, P.L.L.C.," ("Sholes Law Office") respectively, by service on the
16 Arizona Corporation Commission. (Dkts. 15-16.)
17     On August 29, 2005, Oasis filed a Motion to Dismiss on several grounds, including that the
18 summons served on August 4, 2005 was invalid because it was served more than 120 days after
19 the filing of the Complaint. (Dkt. 13 at 6-7.) Oasis further argued that "[t]he summons [sic] on
20 other Defendants have not been serviced [sic] and have also abated." (Id. at 7.)
21     On March 14, 2006, the Court denied Defendants' Motion to Dismiss, in part, holding that
22 Plaintiffs had timely served Oasis. (Dkt. 20 at 2.) In addition, the Court granted Defendants'
23 Motion to Dismiss, in part, holding that Plaintiffs failed to timely serve Defendants Judy
24 Fernando-Sholes, Bruce A. Sholes, and John C. Kubasch. (Id. at 3.) On May 25, 2006, the
25 Court affirmed its ruling dismissing Defendants Judy Fernando-Sholes, Bruce A. Sholes, and
26 John C. Kubasch. (Dkt. 42.)
27 ///
28

**DISCUSSION**

As evidenced by the title of the instant Motion, Defendants assert four theories of dismissal, several of which have already been addressed by the Court. Nevertheless, for the sake of clarifying the record, the Court will address each argument.

**A.        Defendant Bruce A. Sholes**

Defendants' contention that Defendant Bruce A. Sholes should be dismissed for untimely service has already been addressed. See Dkts. 20 at 3 (dismissing Defendant Bruce A. Sholes without prejudice); 42 (same). Thus, Defendants' request to dismiss Defendant Bruce A. Sholes will be denied as moot.

**B.        Defendant Law Office of Bruce A. Sholes**

For two reasons, the Court rejects Defendants' contentions that the Law Office of Bruce A. Sholes should be dismissed and that the summons issued in the name "Law Office of Bruce A. Sholes, P.L.L.C.," served on the Arizona Corporation Commission, should be quashed.

First, neither Defendants' Motion nor the declaration of Bruce Sholes deny or contradict that the Law Office of Bruce A. Sholes failed to advise the Arizona Secretary of State of the current addresses of their statutory agents, members, and managers. See Dkt. 40, Ex. A. The proof of service reflecting service upon "Law Office of Bruce A. Sholes, P.L.L.C.," by contrast, contains the sworn and notarized statement of an uninterested party, process server Stephanie Hoffen, that the Law Office of Bruce A. Sholes, P.L.L.C. "failed to maintain a Statutory Agent at the address given to the Corp[oration] Commission." (Dkt. 16.) The Court finds the statement of Ms. Hoffen credible. Thus, Plaintiffs' service of summons on the Corporation Commission was proper. See 16 A.R.S. Rule 4.1(l).

Second, the Court will not quash the summons served on "Law Offices of Bruce Sholes, P.L.L.C." on the grounds that the Complaint names "Law Office of Bruce A. Sholes" – a *different legal entity* – because the misnomer at issue here is one of form only, not substance. Errors of this nature are technical and curable defects routinely allowed *nunc pro tunc* provided that the defendant has adequate notice of the proceedings and has not been prejudiced. See United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873-74 (4th Cir. 1947) (holding that

1 the inclusion of an unnecessary "Inc." in a defendant's name does not make the summons
2 defective); see also Barsten v. Department of the Interior, 896 F.2d 422, 423 (9th Cir. 1990) ("a
3 suit at law is not a children's game, but a serious effort on the part of adult human beings to
4 administer justice; and the purpose of process is to bring parties into court. If it names them in
5 such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose
6 . . ."); United Food and Commercial Workers Union, Locals 197, et al. v. Alpha Beta Co., 736
7 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule which is liberally construed to uphold
8 service as long as defendant receives sufficient notice of the complaint.").

9     In the present case, the instant Motion to Dismiss clearly demonstrates that Defendants had
10 adequate notice of the proceedings filed against Law Office of Bruce A. Sholes.  Thus, the
11 Court will order the summons that was served on ""Law Office of Bruce A. Sholes, P.L.L.C."
12 amended to provide "Law Office of Bruce A. Sholes."  This amendment will be effective, *nunc*
13 *pro tunc*, August 26, 2005, so that Plaintiffs do not need to re-serve Law Office of Bruce A.
14 Sholes.  On May 20, 2006, two days after Defendants filed the instant Motion to Dismiss,
15 Plaintiffs filed an Application for Entry of Default against defendant Law Office of Bruce A.
16 Sholes. See Dkts. 38-39.  To mitigate any prejudice defendant Law Office of Bruce A. Sholes
17 may have suffered as a result of its contention that service upon "Law Office of Bruce A.
18 Sholes, P.L.L.C." was defective, however, the Court will deny Plaintiffs' Applications for Entry
19 of Default against Law Office of Bruce A. Sholes and, instead, provide Defendant Law Office
20 of Bruce A. Sholes sufficient time to answer or otherwise respond to Plaintiffs' Complaint.

21 **C.      Defendant Oasis**

22     For three reasons, the Court rejects Defendants' contention that Oasis should be dismissed
23 on the grounds of defective service.

24     First, neither Defendants' Motion nor the declaration of Bruce Sholes deny that Oasis failed
25 to advise the Arizona Secretary of State of the current addresses of their statutory agents,
26 members, and managers.  See Dkt. 40, Ex. A.  The proof of service reflecting service upon
27 "Oasis at Wild Horse Ranch, LLC," by contrast, contains the sworn and notarized statement of
28 an uninterested party, process server Stephanie Hoffen, that Oasis "failed to maintain a

- 4 -

1  Statutory Agent at the address given to the Corporation Commission." (Dkt. 16.) Thus,
2  Plaintiffs' service of summons on the Corporation Commission was proper. See 16 A.R.S. Rule
3  4.1(l).

4  Second, in the Motion to Dismiss for untimely service filed by Oasis on August 29, 2005,
5  Oasis argued that "service [by Plaintiffs] could have been made very easily on the Corporation
6  Commission." Dkt. 13 at 7. Thus, Defendants' current contention – that service on the
7  Corporation Commission was improper – is not well-taken.

8  Third, Oasis has already filed an answer to Plaintiffs' Complaint. See Dkt. 25. Thus, even
9  assuming, *arguendo*, that service of summons on the Corporation Commission was improper,
10 Oasis has waived any objection to sufficiency of service of process. See Fed.R.Civ.P. 12(h)(1).

11 **D.        Request for Sanctions**

12 Defendants' request that Plaintiffs be sanctioned for committing "aggravated acts of
13 misconduct in connection with this matter" (dkt. 40 at 8) is rejected for two reasons.

14 First, Defendants have failed to demonstrate any improper conduct by Plaintiffs that warrants
15 the imposition of sanctions.

16 Second, Defendants' request for sanctions is procedurally improper because a motion for
17 sanctions "shall be made separately from other motions or requests and shall describe the
18 specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but
19 shall not be filed with or presented to the court unless, within 21 days after service of the motion
20 (or such other period as the court may prescribe), the challenged paper, claim, defense,
21 contention, allegation, or denial is not withdrawn or appropriately corrected." Fed.R.Civ.P.
22 11(c)(1)(A). Defendants have failed to comply with either provision of Rule 11. See Dkt. 40.
23 Accordingly,

24 **IT IS HEREBY ORDERED DENYING** Defendants' (i) Motion to Dismiss the Law Office
25 of Bruce A. Sholes, (ii) Motion to Dismiss Oasis at Wild Horse Ranch, L.L.C., (iii) Motion to
26 Quash Summons Served on Law Office of Bruce A. Sholes, P.L.L.C., and (iv) Motion for
27 Sanctions. (Dkt. 40.)

28 / / /

1   **IT IS FURTHER ORDERED DENYING AS MOOT** Defendants' Motion to Dismiss Defendant Bruce A. Sholes.  (Dkt. 40.)

**IT IS FURTHER ORDERED** that the summons served on "Law Offices of Bruce Sholes, P.L.L.C.," and filed with the Court on September 19, 2005 (dkt. 16), shall be amended, *nunc pro tunc* August 26, 2005, to "Law Office of Bruce A. Sholes."

**IT IS FURTHER ORDERED DENYING** Plaintiffs' Application for Entry of Default and Plaintiffs' Amended Application for Entry of Default.  (Dkts. 38-39.)

**IT IS FURTHER ORDERED** that Defendant Law Office of Bruce A. Sholes shall answer or otherwise respond to Plaintiffs' Complaint no later than October 30, 2006.

DATED this 10th day of October, 2006.

Stephen M. McNamee
United States District Judge