**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| KATHLEEN C. CAMPBELL et al., ) <br>           Plaintiffs, ) <br>   v. ) <br> JUDY FERNANDO-SHOLES et al., ) <br>           Defendants. ) <br> _____) | No. CV-05-0880-PHX-SMM <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion for an Order Continuing the April 2, 2007 Preliminary Pretrial Conference, or in the Alternative, an Order Granting Permission for Plaintiffs and their Counsel to Attend the Preliminary Pretrial Conference by Telephone (Doc. 49).

Plaintiffs' Counsel has provided the Court with numerous reasons why the Court should grant his request. First, Plaintiffs' Counsel is scheduled for court appearances in Oakland County, California on the morning of April 2, 2007. Illustrating the difficulty in being in two places at once, the request is well taken by the Court. Second, Plaintiff's Counsel explains that there is no opposing counsel to confer with at this time regarding the pretrial conference. Defendant Oasis at Wild Horse Ranch, LLC, an Arizona Limited Liability Company, expressly filed its answer in this case "*pro per*", disregarding the rule that states that as an L.L.C., Oasis cannot appear except through counsel. Moreover, Defendant Bruce A. Sholes expressly purported to only "specially appear" on Oasis's behalf in filing the May 2006 Motion to Dismiss (Doc. 40). Consequently, there is no attorney of record representing Oasis available for

Plaintiffs' counsel to meet with in order to comply with the Court's February 28, 2007 Order. Assuming arguendo that Sholes was deemed to have represented Oasis at one time, a representative of Oasis has contacted Plaintiffs' Counsel and unequivocally expressed to Plaintiffs' counsel that Sholes no longer represents Oasis and that he has been "fired" from Oasis. Furthermore, Sholes is precluded from representing Oasis as he was suspended from the practice of law by the State Bar of Arizona. (Doc. 51).  In sum, Plaintiffs' Counsel contends that holding a Preliminary Pretrial Conference on April 2, 2007, while Oasis still lacks representation would defeat the purpose of a Preliminary Pretrial Conference.  He has been unable to meet with opposing counsel to create a proposed case management plan and believes that it would be a waste of the Court's valuable time and resources.  Finally, Plaintiffs' Counsel has represented to the Court that should the Court grant the continuance, Oasis has tentatively retained a Tucson attorney who has agreed to substitute into this case *after* the continuance in order to allow for sufficient time to familiarize himself with the case.  The Court finds that the addition of new counsel could significantly alter the direction of the case.

Accordingly, for good cause shown,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for an Order Continuing the April 2, 2007 Preliminary Pretrial Conference is **GRANTED** (Doc. 49).

**IT IS FURTHER ORDERED** that the Rule 16 Preliminary Pretrial Conference is **CONTINUED** to **Wednesday, May 23, 2007 at 4:00 p.m.** from April 2, 2007, at 2:00 p.m.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for an Order Granting Permission for Plaintiffs and their Counsel to Attend the Preliminary Pretrial Conference by Telephone is **DENIED** as **MOOT** (Doc. 49).

**DATED** this 28th day of March, 2007.

Stephen M. McNamee
United States District Judge