**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen C. Campbell, individually and as the successor in interest of Ruth C. Pritchard, Deceased, Capitol Enquiry Inc.; and Capital Education, Inc.,<br><br>          Plaintiffs,<br><br>v.<br><br>Judy Fernando-Sholes and Bruce A. Sholes, individually and as husband and wife; Bruce A. Sholes, doing business as Law Offices of Bruce A. Sholes; Oasis at Wild Horse Ranch, LLC, an Arizona limited liability company; John C. Kubasch, individually, and John C. Kubasch and Jane Doe Kubasch, husband and wife; and Does 1-20,<br><br>          Defendants. | No. CV-05-0880-PHX-SMM<br><br>**ORDER** |

Before the Court is Defendant Bruce A. Sholes, individually and doing business as the Law Offices of Bruce A. Sholes (collectively, "Sholes") Motion to Strike Plaintiff's Opposition to Defendant Sholes' Motion to Set Aside or Amend Default Judgment (Doc. 77).

Sholes seeks to strike Plaintiffs' Opposition because it is nearly double the permissible page length for a responsive filing. According to Sholes, Local Rule 7.2(e) limits a responsive filing to seventeen pages, exclusive of attachments and any required statement of facts. Sholes argues that while in the summary judgment context, the parties are required to file a separate statement of facts, no such rule exists for other motions,

1 including an opposition. At thirty-one total pages, Sholes claims that Plaintiffs'
2 Opposition well exceeds the allowable length. Sholes also objects to Plaintiffs'
3 Opposition because its text and footnotes are smaller than 13-point font as required by
4 Local Rule 7.1(b)(1). If the correct font size were used, Sholes alleges that Plaintiffs'
5 Opposition would be thirty-seven pages in length, rather than its current thirty-one pages.

6 In their Response, Plaintiffs argue that they interpreted Local Rule 7.2(e) as
7 limiting a responsive filing to seventeen pages of <u>argument</u>, rather than seventeen <u>total</u>
8 pages, including the statement of facts. Since Plaintiffs believed a statement of facts is
9 always required to apprise the court of the facts of the case, they understood the Local
10 Rule as merely a limitation on the length of the argument. As to the font size issue,
11 Plaintiffs claim that the font size used for the main text was in accordance with Local
12 Rule 7.1(b)(1), but admit that the footnotes inadvertently were made smaller than the
13 main text. Finally, Plaintiffs request that they be allowed to refile their Opposition in
14 excess of seventeen pages. Plaintiffs argue that due to the complicated facts and
15 procedural history of the case, a lengthy statement of facts is needed to provide the court
16 with the necessary background to decide Sholes' Motion to Set Aside or Amend Default
17 Judgment.

18 After considering the parties' briefing, the Court will grant Sholes' Motion to
19 Strike, but it will allow Plaintiffs to refile their Opposition. The Court finds there are
20 several rules violations with Plaintiffs' Opposition.

21 **Page Length**

22 Local Rule 7.2(e) states, "Unless otherwise permitted by the Court, a motion
23 including its supporting memorandum, and the response including its supporting
24 memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and
25 any required statement of facts." LRCiv. 7.2(e). This Local Rule limits parties to filing a
26 response of seventeen pages in total length. This page limitation includes any statement
27 of facts that the parties may choose to include with their response. The one exception is
28 the separate statement of facts which the Local Rules require to be submitted with

1  motions for summary judgment. LRCiv. 56(b). Consequently, Plaintiffs' Opposition, at a
2  length of thirty-one pages, exceeds the permissible page length.

3       Plaintiffs have requested that the Court allow them to file excess pages. In light of
4  the complicated factual and procedural background of the case, the Court finds that some
5  extension of the length of Plaintiffs' Opposition is appropriate. Plaintiffs are advised that
6  in the future such motions to file excess pages should be filed prior to, or
7  contemporaneously with, the opposition brief.

8  **Text Font Size**

9       Local Rule 7.1(b)(1) lays out the rules concerning font size in court filings. It
10 states in part, "All pleadings, motions, and other original documents filed with the Clerk
11 shall be in a fixed-pitch type size no smaller than ten (10) pitch (10 letters per inch) or in
12 a proportional font size no smaller than 13 point, including any footnotes." LRCiv.
13 7.1(b)(1). The Court finds that Plaintiffs' Opposition does not comply with the Local
14 Rules. As evidenced by the Affidavit filed by Plaintiffs, their Opposition is in 12 point
15 font, not 13 point as required by the Local Rules (Doc. 84).

16 **Footnote Font Size and Length**

17      Under the Local Rules, footnotes are to be the same font size as the text, 13 point.
18 LRCiv. 7.1(b)(1). Plaintiffs admit that the footnotes were inadvertently made too small,
19 and the Court finds this to be true. Furthermore, when Plaintiffs refile their Opposition,
20 the Court advises the parties that no submissions to the Court shall contain footnotes in
21 excess of five lines.

22      Good cause appearing,

23      **IT IS HEREBY ORDERED GRANTING** Defendant Sholes' Motion to Strike
24 Plaintiff's Opposition to Defendant Sholes' Motion to Set Aside or Amend Default
25 Judgment (Doc. 77).

26      **IT IS FURTHER ORDERED STRIKING** Plaintiffs' Opposition to Defendant
27 Sholes' Motion to Set Aside or Amend Default Judgment without prejudice with leave to
28 refile in accordance with the Federal and Local Rules of Civil Procedure.

1  **IT IS FURTHER ORDERED** that Plaintiffs shall refile their Opposition by
2  **Friday, February 20, 2009**.
3  **IT IS FURTHER ORDERED** that Plaintiffs' request for excess pages is
4  **GRANTED**.  The Court will allow Plaintiffs to file an Opposition no more than **30**
5  **pages**.
6  DATED this 21st day of January, 2009.

Stephen M. McNamee
United States District Judge

- 4 -