**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OFARIZONA

| | |
|---|---|
| Kathleen C. Campbell, individually and as the successor in interest of Ruth C. Pritchard, Deceased, Capitol Enquiry Inc.; and Capital Education, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Judy Fernando-Sholes and Bruce A. Sholes, individually and as husband and wife; Bruce A. Sholes, doing business as Law Offices of Bruce A. Sholes; Oasis at Wild Horse Ranch, LLC, an Arizona limited liability company; John C. Kubasch, individually, and John C. Kubasch and Jane Doe Kubasch, husband and wife; and Does 1-20,<br><br>Defendants. | No. CV-05-0880-PHX-SMM<br><br>**ORDER** |

Before the Court is Defendants' Rule 60(a) Motion for Correction of Mistake or Clerical Error in Default Judgment, filed July 16, 2009 (Doc. 94). Plaintiff's response was filed on July 28, 2009 (Doc. 95), and Defendants' reply was filed on July 31, 2009 (Doc. 97). On August 10, 2009, Defendants filed their Notice of Appeal with the Ninth Circuit (Doc. 98).

Although Plaintiffs brought suit against both Bruce A. Sholes as an individual and Law Office of Bruce A. Sholes (Doc. 1), the Court dismissed all claims against Bruce A. Sholes as an individual because of Plaintiffs' failure to timely serve him. (Docs. 20, 42.) Thereafter, Plaintiffs moved for entry of default, which the Court granted with regards only to Law Offices of Bruce A. Sholes. (Doc. 55.) The Clerk of the Court, as a result, entered

default against "Defendant Law Offices of Bruce A. Sholes." (Doc. 56.) After the case was transferred to the Tucson division, Plaintiffs submitted a proposed form of default judgment directed against "Bruce A. Sholes, the individual who did business under the fictitious business name of 'Law Offices of Bruce A. Sholes', and defendant Law Offices of Bruce A. Sholes." (CV 07-248-TUC-FRZ, Doc. 81.)[1] Pursuant to Plaintiffs' request, the Tucson division entered default judgment, not only against Law Office of Bruce A. Sholes, but also against "Defendant Bruce A. Sholes/Law Offices of Bruce A. Sholes." (CV 07-248-TUC-FRZ, Doc. 82.)

In its recent Order denying Defendants' motion to set aside the default judgment, the Court made clear that the default judgment was entered only against the Law Offices of Bruce A. Sholes because Bruce A. Sholes in his individual capacity had been previously dismissed due to improper service. (Doc. 93.) In that Order, the Court stated, "[B]ecause Sholes in his individual capacity was not a part of the initial entry of default, the default judgment cannot pertain to Sholes in his individual capacity." (Id. 10:1-2) Defendants request that the default judgment entered on August 8, 2008 be corrected to reflect that it applies only to the Law Offices of Bruce A. Sholes, P.L.L.C.[2]

However, the Court no longer has jurisdiction to correct any error in the default judgment as this matter is now being appealed to the Ninth Circuit. Federal Rule of Civil Procedure 60(a) states that clerical mistakes in judgments or orders arising from oversight or omission may be corrected by the court at any time on the motion of any party. Despite the latitude given to district courts, "[d]uring the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the

---

[1] Except where otherwise indicated, all references to the docket "(Doc.)" refer to the case before this Court, 05-880-PHX-SMM, and not the related case in the Tucson Division.

[2] This Court previously ruled that the distinction between "Law Offices of Bruce A. Sholes, P.L.L.C." and "Law Offices of Bruce A. Sholes" was one of "form only, not substance", and that the summons was effective *nunc pro tunc* and that Plaintiff need not re-serve Law Offices of Bruce A. Sholes. The Defendant's proper name is Law Offices of Bruce A. Sholes (Doc. 47).

1  appeal is pending may be so corrected with leave of the appellate court." Fed. R. Civ. P.
2  60(a). Since this matter is currently on appeal, this Court lacks the requisite jurisdiction to
3  correct the error until the Ninth Circuit remands the matter for the limited purpose of
4  remedying this oversight. Once the Court receives such a mandate, the default judgment may
5  be corrected in accordance with Defendants' request.

6  Accordingly,

7  **IT IS HEREBY ORDERED** denying Defendants' Rule 60(a) Motion for Correction
8  of Mistake or Clerical Error in Default Judgment (Doc. 94). The Court will await the Ninth
9  Circuit's Order restoring jurisdiction for the purpose of correcting any mistake or clerical
10 error in the default judgment.

11 DATED this 27th day of October, 2009.

_____
Stephen M. McNamee
United States District Judge