**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen C. Campbell, individually and as the successor in interest of Ruth C. Pritchard, Deceased, Capitol Enquiry Inc.; and Capital Education, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Judy Fernando-Sholes and Bruce A. Sholes, individually and as husband and wife; Bruce A. Sholes, doing business as Law Offices of Bruce A. Sholes; Oasis at Wild Horse Ranch, LLC, an Arizona limited liability company; John C. Kubasch, individually, and John C. Kubasch and Jane Doe Kubasch, husband and wife; and Does 1-20, <br><br> Defendants. | No. CV-05-0880-PHX-SMM <br><br> **ORDER** |

    Before the Court is Plaintiffs' Motion to Amend/Correct Clerical Error in November 4, 2009 Amended Default Judgment, filed November 18, 2009 (Doc. 105). Defendants filed a response on December 8, 2009 (Doc. 106), and Plaintiffs did not file a reply.

    Plaintiffs request that the Amended Default Judgment entered on November 4, 2009 (Doc. 104) be corrected to reflect that it applies only to the Law Offices of Bruce A. Sholes, and not to the Law Offices of Bruce A. Sholes, P.L.L.C. (Doc. 105). In response, Defendants contend that no such correction is needed because the Court previously explained that there is no difference between "Law Offices of Bruce A. Sholes" and "Law Offices of Bruce A. Sholes, P.L.L.C." (Doc. 106).

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Court may correct such a mistake or clerical error on motion or on its own. Id. "Errors correctable under Rule 60(a) include those where what is spoken, written, or recorded is not what the court intended to speak, write or record." In re Jee, 799 F.2d 532, 535 (9th Cir. 1986) (citing Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984)). The Court has wide latitude to invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of its decision. Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir. 1990) (citation omitted).

In its Order of November 4, 2009, the Court granted Defendants' rule 60(a) motion to correct a mistake or clerical error (Doc. 103). In that Order, the Court expressly stated that the Court had previously granted Plaintiffs' motion for entry of default against defendant "Law Office of Bruce A. Sholes" (Id., 2:8-9). The Court also expressly ordered that default judgment in the amount of $218,832.98 be entered in favor of Plaintiffs and against "Defendant Law Offices of Bruce A. Sholes" only (Id., 3:13-16).[1]

In their Motion, Plaintiffs argue that the Amended Default Judgment entered by the Clerk of Court on November 4, 2009, fails to comply with the Court's Order (Doc. 105). Specifically, the first sentence of the amended judgment erroneously states that "defendant judgment is entered against Defendant Law Offices of Bruce A. Sholes, *P.L.L.C.*" (Doc. 104, p.1) (emphasis added). The body of the amended judgment then goes on to correctly state that Plaintiffs "are awarded judgment against Defendant Law Offices of Bruce A. Sholes, in the total amount of $218,832.98 " (Id., p.2). Thus, Plaintiff contend that the November 4, 2009 Amended Default Judgment should be amended again to eliminate the P.L.L.C. designation.

---

[1] The previous default judgment was entered against "Defendants Bruce A. Sholes and Law Offices of Bruce A. Sholes." (Doc. 102).

1 | The Complaint in this case named "Law Offices of Bruce A. Sholes." (Doc. 1).
2 | However, a summons was issued in the name of "Law Offices of Bruce A. Sholes, P.L.L.C."
3 | and served on the Arizona Corporation Commission (Doc. 16). On May 18, 2006,
4 | Defendants filed a Motion to Quash Summons Served on Law Offices of Bruce A. Sholes,
5 | P.L.L.C. (Doc. 40). In an October 10, 2006, Order, the Court denied the Motion to Quash
6 | because it found that the misnomer was one of form only, not substance (Doc. 47). The
7 | Court stated, "Errors of this nature are technical and curable defects routinely allowed *nunc*
8 | *pro tunc* provided that the defendant has adequate notice of the proceedings and has not been
9 | prejudiced." (Id., p.3). After finding that Defendants had adequate notice of the proceedings
10 | filed against Law Offices of Bruce A. Sholes, the Court ordered that the summons served on
11 | "Law Offices of Bruce A. Sholes, P.L.L.C." be amended to provide "Law Offices of Bruce
12 | A. Sholes." (Id., p.4). The amendment was effective *nunc pro tunc*, August 26, 2005 in
13 | order that Plaintiffs did not need to re-serve Law Offices of Bruce A. Sholes (Id.).

The Court will grant Plaintiffs' motion and order that the November 4, 2009 Amended Default Judgment be amended to reflect that judgment is entered against "Law Offices of Bruce A. Sholes". This change is consistent with the Court's prior orders stating that the summons be amended to read "Law Offices of Bruce A. Sholes" without the P.L.L.C. designation.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiffs' Motion to Amend/Correct Clerical Error in November 4, 2009 Amended Default Judgment (Doc. 105).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter an amended default judgment in the present case. The first sentence of the November 4, 2009 Amended Default Judgment shall be amended to read as follows: IT IS ORDERED AND ADJUDGED that pursuant to the Court's Orders of November 4, 2009 and December 21, 2009, default judgment is entered against Defendant Law Offices of Bruce A. Sholes, and in favor of Plaintiffs."

DATED this 21st day of December, 2009.

_____
Stephen M. McNamee
United States District Judge